## Ex Parte Colón.

Apelación procedente de la Corte de Distrito de

Guayama.

No. 51. Resuelto en Octubre 19, 1905.

Habeas Corpus.—Falta de jurisdicción.—Nulidad de la sentencia ó del mandamiento.—Para que el Tribunal pueda determinar en un procedimiento de habeas corpus, la legalidod ó ilegalidad de la prisión del peticionario por virtud de sentencia condenatoria, dictada contra él, es necesario que se alegue falta de jurisdicción, ó error fundamental que proceda de la sentencia ó del mandamiento de prisión expedido para su cumplimiento, y que sea de tal naturaleza que produzca su nulidad.

Los hechos están expresados en la opinión.
Abogado del apelado: *Sr. Rossy, Fiscal*
La parte apelante no compareció.
El Juez Asociado Sr. Figueras, emitió la opinión del tribunal.

La solicitud de *habeas corpus* presentada ante la Corte de Distrito de Guayama, se fundó únicamente en que la denuncia del guardia de la policía insular llamado Manuel Guerra no está jurada, pues si bien consta, dice, que el juramento se prestó ante el Secretario de la Corte Mu-

nicipal de Guayama, los Secretarios de esas Cortes no
tienen facultad para recibir juramentos, según la Ley de
la Asamblea Legislativa aprobada en 8 de marzo de 1904.

El juez de la Corte de Distrito de Guayama, al conside-
rar el caso establece, para desestimar la solicitud, que hay
una ley de 28 de mayo de 1904 posterior á la citada de
8 de marzo de 1904 que dispone que "el procedimiento pa-
ra inicio y sustanciación de juicio en causas criminales en
los Juzgados Municipales serán los mismos que dispone la
Ley para causas criminales en los Juzgados de Paz "y el
artículo 15 del Código de Enjuiciamiento Criminal pres-
cribe: "Que el Secretario del Juzgado de Paz tendrá fa-
cultad para recibir denuncias y autoridad para tomar ju-
ramentos á testigos, etc.

En estas diligencias no hay constancia de que la referi-
da denuncia se jurase ante el Secretario de la Corte Muni-
cipal de Guayama, pero el peticionario afirma que se ju-
ró, por más que niega que ese funcionario esté autorizado
para recibir juramentos.

El juez de la Corte de Distrito resuelve la cuestión como
se ha visto, bajo el mismo supuesto, y hay que deducir que
efectivamente se juró la denuncia y que el Secretario de
el juzgado Municipal al expedir la certificación que se
tiene á la vista omitió consignar la constancia de ese re-
quisito.

Yo no tengo duda de que los Secretarios de las Cortes
Municipales están autorizados para recibir juramentos,
puesto que la Ley de 8 de marzo de 1904 en que se apoya
el recurrente para sostener su alegación solo enmendó la
sección segunda de la Ley primitiva sobre juramentos que
fué aprobada en 12 de marzo de 1903, dejando vigentes las
demás secciones de ésta y en la quinta se dispone que

"Los demás funcionarios que *ahora*, ó en lo sucesivo disponga la
Ley, también podrán tomar juramentos, afirmaciones y declaracio-
nes juradas y expedir certificaciones de las mismas en otros casos."

Pero el Código de Enjuiciamiento Criminal estaba ya vigente, puesto que comenzó á regir el primero de julio de 1902 y en ese tiempo ya los Secretarios de los Juzgados de Paz tenían concedida la facultad de tomar juramentos en los juicios que tramitaban, artículo 15 de dicho código, luego se les quiso conservar y se les conservó esa autorización por la ley al decir ésta que también podrán tomar juramento los funcionarios que ahora (12 de marzo de 1903) tenían esa facultad.

Y aparte de que no sería explicable lógicamente que los secretarios de los juzgados de Paz tuvieran la autorización y no la tuvieran los secretarios de los juzgados municipales, viene la ley aprobada en 28 de mayo de 1904 citada por el juez de la Corte de Distrito de Guayama en su resolución que se inserta en este dictamen, ley que vino á establecer igual procedimiento para el inicio y celebración del juicio ante los juzgados municipales que los que se siguen en el inicio y celebración de juicios para causas criminales en los Juzgados de Paz.

De modo que de acuerdo con el Juez de la Corte de Distrito entiendo que los secretarios de los juzgados municipales están autorizados para recibir los juramentos que sean procedentes en los juicios criminales que tramita.

Pero estos razonamientos en apoyo de la resolución apelada, verdaderamente que no son necesarios, si se tiene en cuenta que cuando el concurrente Gregorio Colón solicitó su excarcelación por el recurso de *habeas corpus* y por el fundamento expresado, ya estaba cumpliendo la sentencia que dictó el juez municipal de Guayama en causa por delito de acometimiento y agresión con circunstancias agravantes y por la cual se le condenó á un año de cárcel, 500 dollars de multa y pago de las costas.

De modo que aún suponiendo que la denuncia ó acusación fueren defectuosas, hoy á la altura que el procedimiento se encuentra, no podemos por este recurso volver

sobre una sentencia, cuando no se alega falta de jurisdic-
ción en el Juez que la dictó ó error fundamental que pro-
ceda de la sentencia misma ó del mandamiento de arresto
para su cumplimiento al extremo de producir su nulidad.

Por estas consideraciones entiendo, y así lo propongo,
que debe confirmarse la resolución que en 29 de junio
último dictó el Juez de la Corte de Distrito de Guayama.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Aso-
ciados, Hernández, MacLeary y Wolf.